# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Joseph Clayton McElwaine, | ) | |
| | ) | Civil Action No. 9:16-cv-01444-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for a review of Magistrate Judge Bristow Marchant's Report and Recommendation, ("Report") (ECF No. 22) filed on May 3, 2017, recommending that the decision of the Commissioner of Social Security ("the Commissioner") be reversed and remanded to the Commissioner for reevaluation and consideration of whether Plaintiff's impairment met or equaled an impairment in 20 C.F.R Part 404, Subpart A, App'x 1, § 12.05(C) ("Listing 12.05(C)"), and for such further administrative action as may be necessary and appropriate.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. Pursuant to rule 35(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

specific objections are made.

The parties were advised of their right to file objections to the Report. (ECF No. 22-1.) On May 17, 2017, the Commissioner filed her Reply to the Report (ECF No. 24) providing notice that the agency will not file objections to the Report. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds that the Report provides an accurate summary of the facts and law and that it does not contain clear error. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 22) and **REVERSES** the decision of the Commissioner and **REMANDS** Plaintiff's case to the Commissioner for reevaluation of whether Plaintiff's impairment met or equaled an impairment in Listing 12.05(C), and for such further administrative action as may be necessary.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

May 18, 2017
Columbia, South Carolina